Michael **SHAPIRO**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Isabel **SHAPIRO**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Nos. 62–635, 62–636.

United States District Court
S. D. California,
Central Division.

May 28, 1965.

Pacht, Ross, Warne & Bernhard, Los Angeles, Cal., for plaintiffs.

Manuel L. Real, U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Division, Charles H. Magnuson, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

On May 4, 1962 plaintiffs above-named filed these two actions, seeking recovery of "Internal Revenue Tax (Income Tax) Erroneously and Illegally Assessed and Collected." Plaintiffs allege that after they had paid the amount of $12,500.00 on an amended estimated income tax return for the fourth quarter of 1948, the government assessed taxpayers for the tax and thereafter refused to honor plaintiffs' "Claim for Abatement" and, in 1961, refused to allow plaintiffs' "Claim for Refund."

The records and files pertaining to plaintiffs show they experienced tax difficulties for several years; that notice of deficiency covering taxes for the years 1946, 1947, 1948, 1949, 1950, and 1951 (together with fraud penalties and § 294(d) (2) penalties) had been mailed to these taxpayers on or about July 29, 1955.

Three months thereafter—on October 26, 1955—plaintiffs filed a petition with the Tax Court of the United States, seeking redetermination of the deficiencies and penalties assessed against them.

No trial was had in the Tax Court, for the parties to the action stipulated as to deficiencies and penalties due from plaintiffs to the government for the tax years involved; and on August 5, 1958, pursuant to said stipulation, the Tax Court entered its decision covering the items so stipulated; as to Michael Shapiro the tax deficiencies stipulated totaled $34,-370.89, total fraud penalties $16,538.34, and Section 294(d) (2) penalties $1,952.-63, and as to Isabel Shapiro the stipulated tax deficiency totaled $19,655.43, and the total Section 294(d) penalties were $1,992.83. No fraud penalties for the years involved were stipulated as to Isabel Shapiro. (Plaintiffs' Pretrial Statement, page 6, lines 19 through 32, and page 7, lines 1 through 9.)

Contending the $12,500.00 item sued for in the actions at bar was not included in the totals hereinabove set forth, pursuant to stipulation in the Tax Court action, plaintiffs allege this court has jurisdiction to award judgment for the $12,-500.00 they claim to be due.

In the actions at bar counsel for the government moved for Summary Judgment on the ground the Tax Court action and the stipulation entered therein completely disposed of all tax items for the years 1946, 1947, 1948, 1949, 1950, and 1951. The government contends this court lacks jurisdiction for that reason of the $12,500.00 claimed by plaintiffs to have been paid upon their amended estimated income tax for the fourth quarter of 1948.

The Motion for Summary Judgment was denied, and the cause proceeded to trial.

Testimony was adduced from plaintiff Michael Shapiro and his accountant. They testified plaintiffs and the accountant met in January, 1949 for plaintiffs to sign the 1948 amended declaration of estimated income tax which had to be filed for the reason that it had been determined additional income tax in the amount of $12,500.00 was due; that

plaintiffs signed the 1948 amended estimated income tax return leaving it, together with a check for $12,500.00 signed by Michael Shapiro, with the accountant. The accountant testified he placed the tax return and check in an envelope and deposited them in the mail.

Apparently no bookkeeping records were maintained by plaintiffs or by their accountant, for no bookkeeping entry of this transaction was offered in evidence to substantiate the claim the tax had been paid.

No cancelled check was exhibited to the Court; but plaintiff Michael Shapiro stated he had several bank accounts and offered the customary monthly bank statement furnished by banks to checking account clientele. The bank statement covered a partnership bank account, which partnership was comprised of Michael Shapiro and another individual (not plaintiff Isabel Shapiro) and reflected transactions for the early part of 1949. This checking account record indicated an item of $12,500.00 had been paid out of the partnership account approximately two weeks after the amended estimated tax return and check were allegedly deposited in the mail; but, as is customary, the items listed on the bank statement showed only figures and nothing more.

The Los Angeles Office of Internal Revenue Service has no record whatsoever of receipt of the amended estimated income tax declaration for 1948, of the check for $12,500.00, or of either of them.

At the close of the trial the causes were submitted for decision, the two questions to be determined being:

1. Jurisdiction of the court to entertain the above-entitled actions.

2. Whether plaintiffs established a prima facie case that they were entitled to refund of the amount alleged by them to have been paid.

The taxable year involved in the actions at bar is 1948, governed by the 1939 Internal Revenue Code which provides—Title 26 U.S.C.A. § 322 (c) [presently § 6512 of Title 26]—

"If the commissioner has mailed to the taxpayer a notice of deficiency * * * and *if the taxpayer files a petition with the Tax Court * * *,* no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and *no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court* [1] except—[exceptions not applicable in the cases at bar]."

■ The *filing* of the petition in the Tax Court would, under the above-quoted section, preclude plaintiffs' now maintaining in this United States District Court an action to recover the alleged overpayment of $12,500.00. The language of the Code makes the *filing* of the petition a bar to further litigation. It would make no difference, as plaintiffs seem to believe, that the Tax Court did not try the action on its merits. Ross v. Commissioner of Internal Revenue, 5 Cir., 227 F.2d 265; United States v. Wolf, 9 Cir., 238 F.2d 447; Guterman v. Scanlon, D.C., 222 F.Supp. 1007.

■ Assuming, arguendo, that this court did have jurisdiction to try the instant actions, the burden is upon plaintiffs to establish payment by them of the amount they now seek to recover.

■ The testimony and evidence offered by plaintiff Michael Shapiro are hereinabove outlined. The Court cannot conclude therefrom that plaintiffs have sustained the burden of proof to establish the amended estimated tax return, the check for $12,500.00, or either of them, ever were in fact delivered.

Judgment will be entered for defendant.

1. Emphasis supplied.